**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02019-WJM-BNB

KIMBERLY GULLEY-FALZGRAF,

    Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5, in the County of Arapahoe and State of Colorado

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Plaintiff Kimberly Gulley-Falzgraf ("Plaintiff") brings this action against her former employer, Defendant Cherry Creek School District No. 5 ("Defendant"), alleging that her termination violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* (Compl. (ECF No. 1) ¶¶ 40-43.)  Before the Court is Defendant's Motion for Summary Judgment ("Motion").  (ECF No. 25.)  For the reasons set forth below, the Motion is denied.

## I.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one

party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  ANALYSIS

The ADA prohibits covered employers from discriminating against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). ADA discrimination claims follow the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a *prima facie* case of discrimination, Plaintiff must show: (1) she was disabled; (2) she was qualified, with or without reasonable accommodation, to perform the essential functions of her job; and (3) her employer discriminated against her because of her disability. *Robert v. Bd. of Cnty. Comm'rs*, 691 F.3d 1211, 1216 (10th Cir. 2012).

Defendant moves for summary judgment and argues that Plaintiff has failed to meet her burden under each prong of her *prima facie* case. The Court will discuss each in turn below.

**A.     Whether Plaintiff was Disabled**

Under the ADA, a person is disabled if she (1) has a physical or mental

impairment that substantially limits one or more of his major life activities, (2) has a record of such an impairment, or (3) is regarded by her employer as having such an impairment. 42 U.S.C. § 12102(1).

In this case, Plaintiff contends that she meets the definition of disabled because Defendant regarded her as having a disability. (ECF No. 28 at 18.) "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A).

Defendant contends that there is no material dispute as to whether it regarded Plaintiff as disabled. (ECF No. 25 at 9-10.) In support of this argument, Defendant cites *Sutton v. United Airlines*, 527 U.S. 471 (1999). However, the ADA Amendments Act of 2008 "was enacted with the explicit purpose of rejecting certain standards and reasoning of several Supreme Court opinions regarding interpretation of the ADA." *Rhodes v. Langston Univ.*, 462 F. App'x 773, 776 (10th Cir. 2011). One of the Supreme Court opinions to which the 2008 Amendments were addressed was *Sutton*. *See* PL 110-325, 11 Stat 3553 (September 25, 2008). As the acts at issue in this case occurred after the 2008 ADA Amendments were passed, *Sutton* has little, if any, relevance to this action. Additionally, many of Defendant's citations to the Code of Federal Regulations are to sections that are no longer valid or do not apply to whether Plaintiff was "regarded as" having a disability.

Having reviewed the briefs filed in this case, the Court finds that Defendant has

3

failed to meet its initial burden of showing that it is entitled to judgment as a matter of law on the issue of whether Plaintiff was regarded as being disabled. Thus, the Court denies Defendant's Motion in this respect.

**B.     Whether Plaintiff was a "Qualified Individual"**

Defendant contends that Plaintiff cannot demonstrate that she is a "qualified individual" because she "lacked the necessary DOT certification from a HealthOne physician and thus was not 'otherwise qualified' under the ADA." (ECF No. 25 at 12.)

"The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Contrary to Defendant's assertion, the Court finds that there is a genuine dispute of fact as to whether Plaintiff was a qualified individual. Although Plaintiff was not awarded a DOT certificate by the physician who Defendant contracted with, she obtained a DOT certificate from her own physician. (ECF No. 28-6 ¶ 18.) The physician that issued Plaintiff's DOT certificate was qualified and certified by the DOT to issue such certificates. (*Id.*)

The basic job qualifications of the school bus driver position were: (1) high school diploma; (2) commercial drivers' license and certain other driver training; (3) ability to meet insurability requirements; (4) background screening; and (5) clear record from the Department of Motor Vehicles. (ECF No. 25-2 at 5.) Plaintiff has presented evidence showing that she possessed these qualification and received favorable written evaluations during her tenure with Defendant. (ECF No. 28-6 ¶ 6.) Thus, on the record before the Court, it finds that Plaintiff has met her *prima facie* burden of showing that

4

she was a "qualified individual". *See Wishkin v. Potter*, 476 F.3d 180, 187 (3d Cir. 2007) (finding a dispute of fact as to whether the plaintiff was qualified for his position where there was evidence that he performed the essential duties for nearly twenty years).

### C.     Whether Plaintiff's Termination was Because of Her Perceived Disability

Defendant also contends that Plaintiff has not met her *prima facie* burden of showing that her termination was "because of" her perceived disability.  (ECF No. 24 at 15.)  Specifically, Defendant argues that it was entitled to require that all of its bus drivers be certified by the same medical provider and, therefore, the fact that HealthOne would not renew Plaintiff's DOT certificate was not discriminatory.  (*Id.*)  Defendant also contends that it was entitled to accept the opinions and conclusion of the HealthOne medical provider as he was a qualified physician.  (*Id.* at 16.)  As discussed below, the Court finds that there are genuine disputes of fact as to each of these points and, therefore, Plaintiff has met her *prima facie* burden.

Accepting the fact that Defendant may have been entitled to require all employees to be certified by its chosen medical examiner, the circumstances surrounding Defendant's decision to change medical providers are sufficient to sustain an inference of discrimination.  The only reason given by Defendant as to why it chose to switch DOT examiners from Concentra (whose physician certified Plaintiff) to HealthOne (whose physician declined to certify Plaintiff) was that Concentra was passing individuals that Defendant believed were not capable of performing certain safety functions of the bus driver position.  (ECF No. 28-2 at 7.)  When asked to provide

an example of an employee who Defendant believed had been improperly certified by Concentra, the only example Defendant could provide was an overweight woman who used a cane. (*Id*. at 8-10.)  Plaintiff's limitations due to her perceived disability are similar to the limitations Defendant attributed to this other woman. (ECF No. 25-5 at 3.) Therefore, the Court finds that a reasonable juror could conclude that the decision to change providers from Concentra to HealthOne was motivated by the desire to discriminate against individuals with perceived disabilities similar to Plaintiff.  This evidence alone is sufficient to meet Plaintiff's burden of showing that Defendant's employment action was motivated by her perceived disability.

However, the manner in which Plaintiff's DOT examination was conducted is also evidence showing that Plaintiff was terminated because of her disability.[1]  During her examination, Plaintiff was given an "agility test". (ECF No. 28-6 ¶ 12.)  Immediately after completing the agility test, Plaintiff was informed that she passed and was provided with a DOT card. (*Id*.)  However, the DOT card was not signed by the physician. (*Id*.)  When Plaintiff asked the physician to sign the card, he responded that he needed to speak with Defendant's manager of safety and training before he could issue Plaintiff's DOT card. (*Id*. ¶ 13.)  The fact that the medical provider—who should have been exercising his independent medical judgment in determining whether to renew Plaintiff's DOT card—felt the need to consult with Defendant's employer before making his decision is evidence from which a reasonable juror could conclude that

---

[1] The parties argue the Motion for Summary Judgment in the framework of Plaintiff's *prima facie* burden.  However, the Court finds that the same evidence discussed herein would permit a reasonable juror to find that Defendant's actions were a pretext for discrimination.

Defendant was manipulating the DOT certification system so as to enable it to terminate Plaintiff based on her perceived disability.

Additionally, two days later, Plaintiff received a phone call from the physician during which he informed her that he would not renew her DOT card. (*Id*. ¶ 15.) When Plaintiff asked why, the physician stated that she had failed her agility test. (*Id*. ¶ 16.) When Plaintiff later asked to retake the agility test, she was not permitted to do so because, contrary to what she had been informed earlier, "it is her severe medical problems that disqualify her as a commercial driver and not simply her performance on the agility test, per se." (ECF No. 25-5 at 6.) The inconsistency of Defendant's basis for why Plaintiff's DOT certificate was not renewed is additional evidence that Defendant may have been motivated to terminate Plaintiff based on her perceived disability. *See Whittington v. Nordam Grp. Inc.*, 429 F.3d 986, 994 (10th Cir. 2005) (holding that inconsistency in employer's reasons for the termination is an indication of pretext); see also *Plotke v. White*, 405 F.3d 1092, 1104 (10th Cir. 2005) (holding that conflicting and changing evidence concerning the timing and reasons for termination contributes to a showing of pretext).

On these facts, the Court finds that Plaintiff has met her *prima facie* burden of showing that she was terminated as a result of her perceived disability.

### III.  CONCLUSION

In its Motion, Defendant argues only that Plaintiff has not met her *prima facie* burden on her ADA claim. (ECF No. 25.) As discussed above, the Court disagrees. Therefore, Defendant's Motion for Summary Judgment (ECF No. 25) is DENIED. This

case shall proceed to trial on January 6, 2014 as previously scheduled.

Dated this 29th day of March, 2013.

BY THE COURT:

William J. Martinez
United States District Judge